CHARLES LAUBSCH v. THE WEST NEW YORK SILK MILL
COMPANY.

Charles Laubsch, to secure a debt to one Warren Dixon, executed to him
a chattel mortgage on certain property then the subject of a suit pend-
ing between said Laubsch and the defendant silk mill company, and
also by a written transfer conveyed to said Dixon his interest in said
property and such sum as he should thereafter recover in said suit
against said silk mill company. Laubsch subsequently recovered a
judgment in said suit against the silk mill company, and thereupon
the said company procured the assignment of a prior judgment, for a
larger amount, recovered by one Benjamin against said Laubsch, and
applied to the Hudson Circuit Court to have it set off against the first-
named judgment. *Held*, that the mortgage to Dixon and assignment
of the claim to him being before the silk mill company obtained an
assignment of the Benjamin judgment, the equities of the case are
with Dixon, and the set-off should be refused.

On case certified from the Hudson Circuit.

Argued at June Term, 1894, before BEASLEY, CHIEF
JUSTICE, and Justices DEPUE, VAN SYCKEL and LIP-
PINCOTT.

For the plaintiff, *Warren Dixon.*

For the defendant, *Carrick & Wortendyke.*

The opinion of the court was delivered by

VAN SYCKEL, J. The plaintiff, being indebted to Warren
Dixon in the sum of $425.29 for professional services, on the
9th day of October, 1893, conveyed to him by chattel mort-
gage certain property in litigation between said parties, which
mortgage was duly recorded on the same day. On the 2d
day of January, 1894, the said plaintiff conveyed to said
Dixon all his interest in the said property and whatever sum
he should recover in said suit then pending against said defend-
ant, for the sum of $601.19 then due said Dixon from said
plaintiff, including the aforesaid sum of $425.29.

On the 16th of January, 1894, the said Laubsch recovered a judgment in the said suit against said defendant for the sum of $531, besides costs.

Pursuant to the said agreement, the said Laubsch assigned said judgment to said Dixon on the 19th day of January, 1894.

In February, 1888, one Edward M. Benjamin recovered a judgment against said Laubsch for the sum of $12,207.26, which he assigned to one Kean by writing duly proved.

Kean, it is alleged and shown by parol proof, assigned said judgment to Walter H. Condict, but the written assignment was not produced, nor was its absence duly accounted for to permit secondary evidence of its contents.

On the 13th of January, 1894, Walter H. Condict assigned the said judgment to the said West New York Silk Mill Company.

On the 25th day of January, 1894, the said company filed a petition in the Hudson County Circuit Court to have the judgment assigned to said company set off against the said judgment assigned to said Dixon.

The Circuit judge thereupon certified the case for the advisory opinion of the Supreme Court as to whether the prayer of the petitioner should be granted.

" The doctrine of setting off one judgment against another is purely equitable, and will be administered upon such equitable terms as will promote substantial justice. These applications being founded on no positive statute or any fixed rule which compels the court to grant them, are addressed to the discretion of the court, and in the exercise of that discretion, even where the set-off might be legally made if the court sees that injustice will be done by granting the order of set-off, it should be refused." *Brown* ads. *Hendrickson,* 10 *Vroom* 242 ; *Schautz* v. *Kearney,* 18 *Id.* 58.

All the equities of the case are with Warren Dixon. He had a mortgage for his claim upon the property which was the subject of litigation, and an assignment of the claim for which Laubsch subsequently obtained judgment, before the

New York Silk Mill Company obtained an assignment of the judgment of Benjamin.

The Benjamin judgment was no lien, legal or equitable, on the goods mortgaged or on the right of action which was assigned to Dixon.

Aside from this, the defendant company has failed to show a title to the Benjamin judgment; there is no legal proof of the assignment by Kean to Condict, under whom the company claims.

The motion to set off should be refused, with costs, and the Circuit Court should be so advised.